**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NEW ENGLAND PROPERTY SERVICES GROUP, LLC, | CIVIL ACTION NO. 1:25-CV-204 |
| Petitioner, | |
| v. | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | |
| Respondent. | May 9, 2025 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Respondent Selective Insurance Company of South Carolina ("Selective"), hereby removes this matter from the Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island based upon diversity jurisdiction.  As basis hereof, Selective states:

**A.      Petitioner's Petition and Procedural History**

1.      On, April 11, 2025, Petitioner New England Property Services Group, LLC ("NEPSG") commenced this action in the Superior Court of Rhode Island of Kent County, captioned as *New England Property Services Group, LLC v. Selective Insurance Company of South Carolina,* Case No. KM-2025-0445. A copy of the State Court docket is attached hereto as Exhibit A.

2.      NEPSG purports to bring the Petition as assignee of insurance claim number 21798287 (the "Claim") of policyholders Michael and Kate Resnick (the "Policyholders") for damage that occurred on October 29, 2017 to the property located at 548 Buttonwoods Avenue in Warwick, Rhode Island. NEPSG seeks to compel Selective to submit to an appraisal arbitration

pursuant to the terms of insurance policy number H 2244717 (the "Selective Policy"). NEPSG disputes the value of the loss and the amounts Selective paid for the Claim over five years before NEPSG's appraisal demand and alleges that Selective is required to participate in an appraisal under the terms of the Selective Policy.

3.      NEPSG served process through the Rhode Island Insurance Commissioner on April 22, 2025. A true and accurate copy of the Petition, the exhibits attached to the Petition, Summons and Proof of Service is attached hereto as Exhibit B. Selective has not received any other pleadings or orders in the State Court action. To Selective's knowledge, with the exception of the filing of the Petition, there have been no further proceedings in State Court.

4.      Selective denies any and all relief sought in NEPSG's Petition and has valid defenses thereto. By removing this action from State Court, Selective does not waive any defenses available to it and does not admit any of the allegations in the Petition.

**B.      The Court Has Diversity Jurisdiction Over This Matter Because There Is Complete Diversity as Between the Petitioner and Respondent and the Amount in Controversy Exceeds $75,000**

5.      The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).  Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**1.      The Amount-in-Controversy Requirement Is Satisfied**

6.      "Removal is proper if the defendant establishes a reasonable probability that the amount in controversy meets the jurisdictional minimum." *Sahyoun v. Freedom Warranty of America, LLC*, 543 F. Supp. 3d 1, 2-3 (D. R.I. 2021). "If the amount in controversy is not facially apparent from the Complaint, a court may consider the Notice of Removal and any other relevant materials submitted by the parties." *Id*., 3.

7.    The amount in controversy in this action exceeds $75,000, exclusive of costs and interests. In its Petition, NEPSG alleges that it disagrees with Selective's previous estimates of loss for the Claim. Although Selective already had fully indemnified the policyholders for their covered loss, NPSEG asserts in its demand for appraisal that Selective "drastically undervalued the Claim." Before removal, Selective requested that NPSEG agree that the amount of damages it sought were less than $75,000. NEPSG confirmed, however, that its alleged damages could be in excess of $75,000. *See* Exhibit C attached hereto.

8.    Selective denies that NEPSG is entitled to recover any amount through appraisal or otherwise.

9.    Accordingly, the amount in controversy is $75,000 or greater.

**C.    There Is Complete Diversity of Jurisdiction Between the Parties**

10.    Upon information and belief and according to its Petition, NEPSG is a Massachusetts corporation with its principal place of business in Fall River, Massachusetts. Therefore, NEPSG is a citizen of Massachusetts for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

11.    Selective is now, and was at the time Petitioner filed this action, an Indiana corporation with its principal place of business in Branchville, New Jersey. Therefore, Selective is a citizen of Indiana and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

12.    Accordingly, there is complete diversity of citizenship between the Petitioner and the Respondent, and Selective may remove this action from the Rhode Island Superior Court to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1332.

**D.    Selective Has Satisfied the Procedural Requirements for Removal**

13.    This removal is timely. Selective files this notice within thirty days of April 22, 2025, the date that NEPSG served the Summons and Petition upon the Rhode Island Insurance Commissioner. *See* 28 U.S.C. § 1446(b)(2)(B).

14.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Selective to date is attached. *See* Exhibit B.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Superior Court of Rhode Island, Judicial District of Kent.

## CONCLUSION

This civil action features complete diversity of citizenship between the Petitioner and Respondent. Petitioner NEPSG is a citizen of Massachusetts, while Selective is not, and the amount in controversy exceeds the sum of $75,000. For these reasons, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Respectfully submitted,

RESPONDENT

SELECTIVE INSURANCE
COMPANY OF SOUTH CAROLINA


__*/s/ Joseph K. Scully*____
Joseph K. Scully (#6217)
Day Pitney LLP
225 Asylum Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 881-2478(fax)
jkscully@daypitney.com

Its Attorney

Dated: May 9, 2025

-4-

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document(s) will be immediately delivered electronically to the following counsel of record:

Nicholas Elias, Esq.
New England Property Services Group, LLC
1822 North Main Street
Second Floor, Annex Suite #001
Fall River, MA 02720
Nicholas@newenglandpropertyservicesgroup.com

　　　　　　　　　　　　　　　　　 */s/ Joseph K. Scully*
　　　　　　　　　　　　　　　　　 Joseph K. Scully